**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REBECCA SAILSBERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 15-cv-10564 |
| VILLAGE OF SAUK VILLAGE, an Illinois | ) | |
| Municipality; MAYOR DAVID HANKS, | ) | Judge Sara L. Ellis |
| individually; J.W. FAIRMAN, individually and in | ) | |
| his official capacity as Public Safety Director; | ) | Magistrate Judge Jeffrey Cole |
| FAIRMAN CONSULTANTS, LTD., an Illinois | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FAIRMAN'S**
**MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

NOW COMES the Defendant, J.W. Fairman, by his attorney, Michael J. McGrath of Odelson

& Sterk, Ltd., and for his Memorandum of Law in Support of Its Motion to Dismiss, pursuant to

Federal Rule of Civil Procedure 12(b)(6), states as follows:

I.      INTRODUCTION

Plaintiff's Complaint alleges eight different causes of actions, Counts I –VIII.  Only one claim,

Count VI, is plead against J.W. Fairman. *Doc. 1, PageID# 19-20.* Count VI is brought under 42

U.S.C. §1983 and alleges that J.W. Fairman violated Plaintiff's federally protected right to be free

of unlawful discrimination and retaliation. *Doc. 1, PageID# 19, ¶107*

II.      12(B)(6) STANDARD

To survive a 12(b)(6) motion to dismiss, a complaint must clear two hurdles.  First, the

complaint must describe the claim in sufficient detail to give defendant fair notice of what the

claim is and the grounds upon which its rests. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084-85 (7th Cir. 2008) [citations omitted]. Second, the allegations in the pleading must plausibly suggest that plaintiff has a right to relief, raising that possibility above a speculative level, and if the allegations do not do this, the plaintiff has plead itself out of court. *Id.* Counts I-II and IV of Plaintiff's complaint do not clear the first or second hurdle.

III.    PLAINTIFF'S CLAIM AGAINST FAIRMAN IS BASED UPON RETALIATION FOR WHICH NO SECTION 1983 EQUAL PROTECTION CLAIM EXISTS.

While Plaintiff styles Count VI, the only Count plead against Fairman, as a §1983 discrimination claim, the facts plead to support the cause of action indicate that the equal protection claim is based upon retaliation, not discrimination. According to Plaintiff's Complaint, Fairman's acts were in furtherance of Mayor Hank's agenda to retaliate against Plaintiff. Doc. 1 ¶36-37, 42-43, 55-56, 62. Specifically, Plaintiff has alleged that Fairman:

1.    Retained a private investigation firm to investigate Plaintiff to *retaliate* against her. *Doc. 1, ¶36-37.* [emphasis added]

2.    Fabricated stories about Plaintiff in furtherance of the Mayor's agenda to *retaliate* against Plaintiff. *Doc. 1, ¶ 42-43; 55-56.* [emphasis added]

3.    Caused another individual to fabricate a story and cause Plaintiff to fail by assigning work to her that she could not handle because of her experience in order to *retaliate* against Plaintiff for filing a Complaint. *Doc. 1, ¶ 49- 53.* [emphasis added]

4.    Demoted Plaintiff to Sergeant in an act of *retaliation*. *Doc. 1, ¶ 62.* [emphasis added]

5.    Demoted Plaintiff from detective sergeant to patrol sergeant to further Mayor Hanks' scheme to *retaliate* against Plaintiff. *Doc. 1, ¶ 65-67.* [emphasis added]

Moreover, for Plaintiff's §1983 claim against Fairman, the facts alleged concerning gender discrimination, pertain to Mayor Hanks, not Fairman. *Doc. 1, ¶ 16, 19; ¶27, ¶35, ¶57. This f*urther supports Plaintiff's §1983 claim against Fairman must be construed as a retaliation claim, rather than a discrimination claim.

Finally, the claim against Fairman must be construed as a retaliation claim, not a discrimination claim because Plaintiff has not plead a claim based upon discrimination. For Plaintiff to state a cause of action for an equal protection discrimination she must allege that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010) citing *Olech,* 528 U.S. at 564, 120 S.Ct. 1073. Plaintiff has failed to allege facts tending to show that she was similarly situated to comparators or that there was no rational basis for the difference in treatment. Doc. ¶1-69, 106-109. Therefore, the cause of action must be construed as a retaliation claim.

Given that the claim must be construed as a §1983 retaliation claim, this cause of action against Defendant Fairman, Count VI must be dismissed with prejudice. There is no §1983 equal protection cause of action based upon retaliation because the right to be free from retaliation may only be vindicated under the First Amendment or Title VII, not the equal protection clause. *Boyd v. Illinois State Police*, 384 F.3d 888, 898 (7th Cir. 2004). This cause of action, therefore, must be dismissed, as the claim is not plausible where the purported basis for the cause of action is not recognized in the Seventh Circuit.

IV.     PLAINTIFF'S CAUSE OF ACTION AGAINST FAIRMAN IS A CLASS-OF-ONE CLAIM FOR WHICH NO EQUAL PROTECTION CAUSE OF ACTION EXISTS.

3

Even if Plaintiff had plead facts alleging discrimination rather than retaliation by Defendant Fairman, Plaintiff's equal protection claim against Fairman would be a class-of-one claim which is foreclosed because she is a public employee where she has not plead she was treated differently to others similarly situated. Class-of-one equal protection claims are categorically barred in the public employment context. *Lynch v. City of Chicago*, 75 F. Supp. 3d 828, 830 (N.D. Ill. 2014). The Supreme Court in *Engquist v. Oregon Department of Agriculture,* 128 S. Ct. 2146 (2008), foreclosed equal protection class-of-one claims in the public employment context. *Albritton v.* Vill. *of Dolton*, 10 C 7581, 2011 WL 4501418 (N.D. Ill. Sept. 28, 2011). In *Engquist*, the Supreme Court stated, "[o]ur traditional view of the core concern of the Equal Protection Clause as a shield against arbitrary classifications, combined with unique considerations applicable when the government acts as employer as opposed to sovereign, lead us to conclude that the class-of-one theory of equal protection does not apply in the public employment context." *Engquist*, 123 S.Ct. at 1249-1250. As the Seventh Circuit has explained, *"Engquist* held that class-of-one claims cannot be based on the highly discretionary and individualized sorts of decisions that public employers must make about their employees." *Albritton, supra* citing *Abcarian v. McDonald,* 617 F.3d 931, 938 (7th Cir.2010). "The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." *Bishop,* 426 U.S., at 349, 96 S.Ct. 2074.

Based upon the above, Plaintiff's class of one claim it not plausible and must be dismissed with prejudice.

V.    PLAINTIFF'S WAS NOT DENIED EQUAL PROTECTION BECAUSE NO DEPRIVATION OF HER CONSTITUTIONAL RIGHTS OCCURRED AND A RATIONAL BASIS EXISTED FOR TREATING HER DIFFERENTLY BECAUSE

THE EMPLOYMENT POSITIONS AT ISSUE ARE POLICY MAKING POSITIONS.

Plaintiff's claims are based on the alleged failure to appoint her to police chief and the alleged demotions from deputy chief to sergeant. *Doc. 1, ¶ 25-26, 37, 62, 65-67.* Even if *Engquist* did not foreclose an equal protection discrimination claim, this cause of action against Defendant Fairman must be dismissed because Plaintiff's constitutional rights were not violated when she was not appointed to or when she was demoted from a policy making position. Plaintiff, to state a cause of action for an equal protection discrimination, had to allege she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010) citing *Olech,* 528 U.S. at 564, 120 S.Ct. 1073. In other words, to demonstrate an equal protection violation Plaintiff would need to show that "state government took an action against her that 'was a spiteful effort to "get" her for reasons wholly unrelated to any legitimate state objective.' " *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 758 (7th Cir. 2002) citing *Pleva,* 195 F.3d at 917 (quoting *Esmail v. Macrane,* 53 F.3d 176, 179 (7th Cir.1995). If a plaintiff may be hired or demoted for political reasons, there can be no §1983 equal protection cause of action based upon a demotion or refusal to appoint to a position requiring political loyalty or affiliations. *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 759 (7th Cir. 2002) In *Thompson,* the plaintiff's equal protection claim alleging that he was demoted and transferred from his position as Chief Administrative Law Judge because of his political activities was denied because he could have been terminated, demoted, or transferred at will for political reasons. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 758 (7th Cir. 2002)

Both positions, police chief and deputy police chief are policy making positions for which political loyalty or affiliation can be a basis for appointment or demotion. For confidential or

policymaking positions, political loyalty or affiliation is an exception to the constitutional prohibition against basing employment decisions such as promotions, transfers, and recalls on political affiliation or support. *Yahnke v. Cty. of Kane*, No. 12 C 5151, 2012 WL 6642486, at \*2-3 (N.D. Ill. Dec. 20, 2012): *Moss,* 614 F.3d at 711. "Elected officials cannot implement the policies that they were elected to carry out, and hence the will of the electorate cannot be effectuated, unless the officials can install their political allies in the most sensitive jobs." *Americanos v. Carter*, 74 F.3d 138, 142 (7th Cir. 1996) citing *Selch v. Letts,* 5 F.3d 1040, 1044 (7th Cir.1993), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994) (quotation omitted). The 'powers inherent in a given office,' are examined rather than the actual functions of the occupant of that office performed" to determine if the policy making exemption is applicable to position. *Americanos v. Carter*, 74 F.3d 138, 141 (7th Cir. 1996); *Heck v. City of Freeport,* 985 F.2d 305, 309 (7th Cir.1993) (quoting *Tomczak,* 765 F.2d at 641). The test being whether the position held by the individual authorizes, either directly or indirectly, meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation." *Americanos v. Carter*, 74 F.3d 138, 141 (7th Cir. 1996); *Heideman,* 7 F.3d at 663 (quotation and citations omitted). See eg: *Walsh v. Heilman*, No. 05 C 5754, 2006 WL 1049598, at \*6 (N.D. Ill. Apr. 19, 2006) *aff'd sub nom. Walsh v. Heilmann*, 472 F.3d 504 (7th Cir. 2006) (where the administrative hearing officer was a policy maker because the position had significant leeway to address evidentiary issues, make findings of facts and conclusions of law, issue binding determinations as to whether a violation has occurred, and, in his or her discretion, impose sanctions for violations within certain limits) and *Pleva v. Norquist*, 195 F.3d 905, 913 (7th Cir. 1999) (where Board members were policy makers because they were given considerable discretion to implement the broad goals of city zoning policy).

When the duties and responsibilities of a particular position are clearly outlined by law, the court may make the determination, as a matter of law, that a certain position involves policy making. *Pleva v. Norquist*, 195 F.3d 905, 912 (7th Cir. 1999). The powers inherent in the office of police chief and deputy chief of police make the policy making exemption applicable to these positions. The duties of the deputy chief of police are such that they are given considerable discretion to implement policy.

The duties of the deputy police chief are spelled out by Village Ordinance, No. 00-14. *Ex.* 1. The deputy police chief among other things has direct control over all subordinate members/employees of the department; enforces the policies and procedure rules and regulations, general and specific orders for the Department and the Village; investigates complaints filed against members of the Department; terminating subordinates for good cause; giving instructions to subordinates about lawful conduct, uniformity efficiency and effectiveness with the department and keeping the chief of police informed of any events which may impair/effect the image efficiency and effectiveness with the department. *Ex.* 1.

With respect to the chief of police, it is the duty of the police chief to maintain a capable and efficient force. *Conte v. Horcher*, 50 Ill. App. 3d 151, 154 (1977) Therefore, the position of police chief would have even greater responsibility and broader latitude than the positions deputy police chief, given that the deputy police chief reports to the police chief. Based upon the above, both positions are charged with and given broad latitude in implementing policy, either directly or indirectly, and have meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals of the department or the implementation.

7

Additionally, the police chief is an appointed position; appointed by Mayor at the advice and consent of the Village trustees. 65 ILCS 5/10-2.1-4. The deputy chief of police is also an appointed position. *Id.* Political Affiliation or loyalty can be a factor in appointments because the appointee must have confidence in the appointed person. *Indiana State Emp. Ass'n, Inc. v. Negley*, 365 F. Supp. 225, 234 (S.D. Ind. 1973) *aff'd sub nom. Indiana State Employees Ass'n v. Negley*, 501 F.2d 1239 (7th Cir. 1974). Additionally, by law, the deputy chief serves at the discretion of the police chief, is an exempt position and, if removed reverts back to the rank currently held. 65 ILCS 5/10-2.1-4. Therefore, the deputy police chief position is an appointed position for which political loyalty or affiliation can be a consideration. As such, both positions, the chief of police and deputy chief of police are policy making positions for which no equal protection claim based upon discrimination can lie.

VI.     CONCLUSION

Based upon all of the above, Defendant J.W. Fairman respectfully requests that the sole Count plead against him, Count VI, be dismissed with prejudice and for such other relief as deemed appropriate.

Respectfully Submitted,

J.W. FAIRMAN

By:     s/Leslie Quade Kennedy
One of his attorneys

Michael J. McGrath
Leslie Quade Kennedy
Odelson & Sterk, Ltd.
3318 W. 95th Street
Evergreen Park, IL 60805
(708) 424-5678

8