## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA SAILSBERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-10564 |
| | ) | |
| VILLAGE OF SAUK VILLAGE, an Illinois | ) | Judge Sara L. Ellis |
| Municipality; MAYOR DAVID HANKS, | ) | |
| individually; J.W. FAIRMAN, individually and in | ) | Magistrate Judge Jeffrey Cole |
| his official capacity as Public Safety Director; | ) | |
| FAIRMAN CONSULTANTS, LTD., an Illinois | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### *PLAINTIFF REBECCA SAILSBERY'S RESPONSE IN OPPOSITION TO DEFENDANT J.W. FAIRMAN'S MOTION TO DISMISS*

NOW COMES the Plaintiff, REBECCA SAILSBERY, by and through her attorney, WALSH LAW GROUP, P.C., and presents her response in opposition to Defendant J.W. FAIRMAN'S motion to dismiss, and in support thereof, responds as follows:

### *STATEMENT OF FACTS*

Plaintiff Rebecca Sailsbery ("Sailsbery") has been a police officer of various ranks with Defendant Village of Sauk Village ("the Village") for twenty-three years and always performed her duties beyond her employer's expectations. Plaintiff's Complaint at Paragraph 11 ("Comp. ¶ 11"). She was the victim of discrimination and retaliation by an earlier administration and filed lawsuits in response in 2010 and 2012. Comp. ¶ 12. In 2012, the prior mayor resigned in disgrace and Defendant Mayor David Hanks ("Hanks") was appointed mayor. Comp. ¶ 14. Upon appointment, Mayor Hanks, who does not believe that women should hold leadership positions, expected anyone with pending lawsuits to dismiss them. *Id.*

When Sailsbery refused to dismiss her lawsuit, Hanks would not allow former Chief Holevis to appoint her to a vacancy at deputy chief due to Sailsbery's gender and in retaliation for filing prior complaints against the village. Comp. ¶ 16. Later, Hanks refused to promote Sailsbery even after a consulting firm did testing and found her to be the most qualified candidate. Comp. ¶ 17-19. After the second refusal to promote Sailsbery, she submitted a complaint of retaliation. From then on, Hanks and Defendant J.W. Fairman ("Fairman") engaged in numerous instances of discriminatory and retaliatory conduct against Sailsbery. Fairman, in particular, demoted Sailsbery, physically confronted her, falsely accused her of crimes and ordered her to work the street without protective gear. Comp. ¶¶ 14, 16, 19, 26, 27, 28, 35, 38, 42, 55, 57, 62, 65-66. Hanks and Fairman ultimately offered the position of chief to a male sergeant on the department with much less experience or education than Sailsbery. Comp. ¶ 38. Hanks and Finance Director Mohan Rao even solicited Sailsbery to violate the law by falsifying the expiration dates on bullet proof vests to qualify for a federal grant. Comp. ¶ 31. Moreover, the Village refused to protect Sailsbery from the harassment or otherwise remedy it. Indeed, Hanks himself claimed to have investigated Sailsbery's complaints against him and found them "unfounded." Comp. ¶ 53-54. As will be shown below, Fairman's motion to dismiss is without merit and should be denied in its entirety.

## STANDARD

On a Rule 12(b)(6) motion to dismiss, a complaint will be dismissed only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan,* 105 F.3d 354, 357 (7th Cir.1997). The issue is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence in support of his or her claims. *See Pickrel v. City of Springfield,* 45 F.3d 1115, 1118 (7th Cir.1995)). Courts must

treat all well-pleaded factual allegations in the complaint as true and must also draw all reasonable inferences from those allegations in the plaintiff's favor. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc.,* 62 F.3d 967, 972 (7th Cir.1995).

## *ARGUMENT*

### I. *Sailsbery Alleges a Cognizable Claim for Gender-Based Discrimination Under the Fourteenth Amendment and Title VII in Count VI*

Fairman's motion to dismiss first claims, albeit incorrectly, that Count VI must be dismissed to the extent it alleges that Fairman violated the Fourteenth Amendment by retaliating against Sailsbery, rather than committing gender-based discrimination. Def. Mot. Pgs. 2-3. Fairman's argument, however, is contradicted by his own "Introduction" section of his memorandum where he admits "Count VI is brought under 42 U.S.C. § 1983 and alleges that J.W. Fairman violated Plaintiff's federally protected right to be free of unlawful discrimination and retaliation." Def. Mot. Pg. 1 ¶ 2. Putting that express admission aside, Count VI does in fact allege Fairman committed unlawful acts of discrimination under the Equal Protection Clause. Sailsbery also alleges that she was retaliated against in part based upon her gender, which is permitted under equal protection. See *infra*, Subparagraph 1(B).

### A. *Equal Protection and Discrimination*

Fairman claims Count VI should be dismissed if Sailsbery failed to allege discrimination or similarly situated comparators. Def. Mot. Pg. 3 ¶ 2. In order to prevail on an equal protection claim under § 1983, a plaintiff must show that (1) the defendants "acted with nefarious discriminatory purpose," and (2) discriminated against her based on her membership in a definable class. *Nabozny v. Podlesny,* 92 F.3d 446, 453 (7th Cir. 1996) (citing *Pers. Adm'r. of Mass.v. Feeney,* 442 U.S. 256, 279 (1979). "It has been plain in this circuit for quite some time that arbitrary gender-based discrimination...violates the equal protection clause." *Barth v. Vill. of*

3

Case: 1:15-cv-10564 Document #: 41 Filed: 05/13/16 Page 4 of 10 PageID #:223

*Mokena*, No. 03 C 6677, 2006 U.S. Dist. LEXIS 19702, at *119 n.32 (N.D. Ill. Mar. 31, 2006) citing *Nanda v. Moss*, 412 F.3d 836, 844 (7th Cir. 2005); see also *Poulos v. Vill. of Lindenhurst*, 2002 U.S. Dist. LEXIS 16596, 00 C 5603 at *11 (N.D. Ill. Sept. 3, 2002) ("In 1997, it was well established that...perpetrating, tolerating or willfully ignoring gender-based harassment, violated the Fourteenth Amendment.").

In this case, Sailsbery alleges that "on May 4, 2015, Mr. Fairman and Mayor Hanks offered to promote Sergeant Jack Evans to chief of police even though Sgt. Evans had much less experience and training than then-Deputy Chief Sailsbery. Sgt. Evans recognized what was happening and refused the promotion." Comp. ¶ 38. And the Seventh Circuit has held, "a single discriminatory act against one individual can amount to intentional discrimination for equal protection purposes." *Bohen v City of E. Chi., Ind.,*799 F.2d 1180, 1187 (7th Cir. 1986) ("An equal protection plaintiff...need not prove a discriminatory policy against an entire class; discrimination against the plaintiff because of her membership in the class by itself is enough.") citing *Adickes v. Kress & Co.,* 398 U.S. 144, 152 (1970). Defendant failed to include this allegation when it declared Sailsbery did not allege discrimination. See Def. Mot. Pgs. 2-3. At any rate, here Sailsbery alleges that Defendant made an offer of promotion to a less-qualified, similarly situated comparator without rational basis.

Fairman fabricated stories that Sailsbery had committed crimes in order to "further Hanks' agenda." Comp. ¶ 42-43. Fairman filed knowingly false reports with the FBI against Sailsbery "in furtherance of Mayor Hanks' scheme to retaliate against then-Deputy Chief Sailsbery." Comp. ¶ 56. Sailsbery also alleges that Fairman surreptitiously retained a private investigations firm to investigate Sailsbery's conduct at the police department, without notifying her in violation of the Uniform Peace Officers' Disciplinary Act. Comp. ¶ 36. The goal of the investigation was in part

4

to "facilitate her demotion." Comp. ¶ 37. Later, Hanks and Fairman demoted Sailsbery to sergeant without cause. Comp. ¶ 62. Importantly, it is Hanks that believes women should not be in leadership positions, so it would be reasonable to infer that that "agenda" Fairman was furthering included keeping women out of leadership positions. Comp. ¶ 16. Therefore, Fairman's motion should be denied to the extent it challenges the sufficiency of Count VI.

### B.  *Equal Protection and Retaliation*

Sailsbery and Fairman agree that it is permissible to allege gender-based discrimination under the equal protection clause. However, it is also permissible to allege gender-based retaliation under the equal protection clause. Fairman claims that there is no Section 1983 claim for retaliation under equal protection. Def. Mot. Pg. 3 ¶ 3. In support, Fairman relies upon *Boyd v. Ill. State Police*, 384 F.3d 888,898 (7th Cir. Ill. 2004) ("We do not imply, however, that retaliation claims arise under the Equal Protection Clause. That clause does not establish a general right to be free from retaliation.").

In 2015, the Seventh Circuit had an opportunity to revisit and interpret the Boyd decision with respect to retaliation based upon sex. *Locke v. Haessig*, 788 F.3d 662, 672 (7th Cir. 2015). The *Locke* Court was faced with allegations that an individual was retaliated against not just for engaging in a protected activity, but in part due to his gender. *Locke*, 788 F.3d at 672. In response, the Defendant asserted that the Boyd decision foreclosed the Plaintiff's retaliation claim under an equal protection analysis. *Locke*, 788 F.3d at 672. The *Locke* Court disagreed and in so doing distinguished a situation where a plaintiff was asserting a general right to be free from retaliation, where Boyd would apply, and one where the retaliation was based at least in part upon sex. *Id.* (Finding "A reasonable jury could conclude from these facts that [Fairman] responded to [Sailsbery's] complaint with irritation and told [her] she would [not be promoted, but demoted]

because of her sex—because [s]he was a [wo]man rather than a []man complaining of sexual harassment.").

In this case, the Court should recognize that Sailsbery does not simply allege that she was retaliated against because of engaging in protected activities, but because "*Mayor Hanks does not believe that women should be in leadership positions*." Comp. ¶ 14. Considering this "agenda" with respect to women in leadership positions and drawing all reasonable inferences from that allegation in Sailsbery's favor, a reasonable jury could conclude that Fairman would act to "further Hanks' discriminatory agenda" and respond to Sailsbery's complaints with irritation due to her sex. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc.,* 62 F.3d 967, 972 (7th Cir.1995).

## II.    *Defendant's Motion Should be Denied Where Count VI Does Not Allege a "Class of One" Equal Protection Claim*

Defendant's theory that Count VI states a "class of one" equal protection claim is completely without merit, undeveloped and should be dispensed with, summarily. Def. Mot. Pgs. 3-4. Equal protection "most typically reaches state action that treats a person poorly because of the person's race or other suspect classification, such as sex, national origin, religion, political affiliation, among others,...or because the person is a member of a group that is the target of irrational government discrimination." *Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010). To state a classification-based equal protection claim, a plaintiff must allege purposeful discrimination on account of her membership in an identifiable group. *See, e.g.*, *Engquist*, 553 U.S. at 605; *Personnel Admin. of Mass. v. Feeney*, 442 U.S. 256, 279 (1979); *Pirela v. Vill. of N. Aurora*, 966 F. Supp. 661, 667 (N.D. Ill. 1997) (citing *Sims v. Mulcahy*, 902 F.2d 524, 538 (7th Cir. 1990)).

Sailsbery's case is not a "class of one" equal protection claim, as Fairman would have the court believe, but one where Sailsbery was the victim of purposeful gender-based discrimination.

Generally speaking, and as noted above, Sailsbery alleges "Mayor Hanks does not believe that women should be in leadership positions." Comp. ¶ 16. She alleges "Mayor Hanks ignored REM Management Services' findings and by February 2014 still refused to promote Sgt. Sailsbery to deputy chief...due to her gender." Comp. ¶ 19. Sailsbery alleges that "Mayor Hanks refused to promote her to acting/interim chief of police do to her gender." Comp. ¶ 27. She alleges that "Mayor Hanks told a group of citizens that he intended to hire a new chief of police from outside the department and eliminate the rank of deputy chief, which would cause then-Deputy Chief Sailsbery to be demoted to the rank of sergeant…due to then-Deputy Chief Sailsbery's gender." Comp. ¶ 35.

With respect to Fairman, Sailsbery alleges that "Fairman and Mayor Hanks offered to promote Sergeant Jack Evans to chief of police even though Sgt. Evans had much less experience and training than then-Deputy Chief Sailsbery." Comp. ¶ 38. She alleges that Hanks and Fairman surreptitiously retained a private investigations firm to investigate Sailsbery's conduct at the police department, without notifying her in violation of the Uniform Peace Officers' Disciplinary Act. Comp. ¶ 36. The goal of the investigation was in part to "facilitate her demotion." Comp. ¶ 37. Fairman fabricated stories that Sailsbery had committed crimes in order to "further Hanks' agenda." Comp. ¶ 42-43. Fairman filed knowingly false reports with the FBI against Sailsbery "in furtherance of Mayor Hanks' scheme to retaliate against then-Deputy Chief Sailsbery." Comp. ¶ 56. Later, Hanks and Mr. Fairman demoted Sailsbery to sergeant without cause and in another act of retaliation. Comp. ¶ 62. Finally, Fairman ordered Sailsbery to work the street without her protective equipment "in furtherance of Hanks's scheme to retaliate against Sailsbery." Comp. ¶ 65-66. And it was Hanks' beliefs relative to women in leadership positions that served as the backdrop for Fairman's gender-based discrimination and retaliation. There was clearly no good-

faith basis to allege that Count VI was based on a "class of one" theory. Based upon the foregoing, Defendant's motion should be denied to the extent it challenges the sufficiency of Count VI of the Complaint.

### III.    *Policymaking Positions*

Fairman's final argument is that the failure to promote Sailsbery to chief or the demotion from deputy chief to sergeant do not constitute constitutional violations because she was allegedly in a "policymaking position." Def. Mot. Pg. 5 ¶ 1. It is true that if a public employer can demonstrate a compelling reason for a dismissal based on political affiliation, then the removal may be constitutionally justified. *See Elrod*, 427 U.S. at 360; *Milazzo v. O'Connell* (*Milazzo I*), 108 F.3d 129, 131 (7th Cir. 1997) (emphasis added). In this case, there is no allegation that Sailsbery was demoted or denied a promotion due to her political affiliation. To the contrary, all of the Defendants' wrongful conduct was motivated by gender and/or retaliation. See Comp. ¶¶ 16, 19, 27, 35, 38. And in order to prevail on an equal protection claim under § 1983, Sailsbery only need show that (1) the defendants "acted with nefarious discriminatory purpose," and (2) discriminated against her based on her membership in a definable class. *Nabozny v. Podlesny,* 92 F.3d 446, 453 (7th Cir. 1996) citing *Pers. Adm'r. of Mass.v. Feeney,* 442 U.S. 256, 279 (1979). She has done that. There was similarly no justification to demote or refuse to promote Sailsbery under Title VII even if the subject positions were policymaking.

According to Title VII, (f) The term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the

office.  <u>The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision</u>."  42 U.S.C. § 2000(e)(f) (emphasis added).  As a police officer, Sailsbery was subject to the civil service laws of a state government and governmental agency.  Even if Sailsbery were a policymaker, which she was not, the Seventh Circuit has held that policymaking employees subject to civil service laws are "employees" within the meaning found in Title VII and the ADEA.  *Halloway v. Milwaukee Cty.*, 180 F.3d 820, 828 n.10 (7th Cir. 1999) ("Halloway is protected by the ADEA because section 630(f) explicitly excludes from the "policymaker" exemption employees who are in the civil service.").  Therefore, Sailsbery was specifically protected from the policymaking exclusion found in Title VII even if her position, or prospective position, rose to the level of policymaker.

But rather than analyze the case in the gender context in which it exists, Fairman attempts to mislead the Court by analyzing the case as if it were brought pursuant to the First Amendment.  Indeed, all of the cases cited by Fairman in Section V of his motion relate to politically based terminations.  Def. Mot. Pgs. 5-7.  Fairman understandably does not cite to any case that permits government bodies to make gender-based employment decisions.  As such, Fairman's motion to dismiss should be denied to the extent it asserts a policymaking exemption to gender-based employment decisions.

WHEREFORE, Plaintiff Rebecca Sailsbery respectfully prays that this Honorable Court enter an order denying Defendant J.W. Fairman's motion to dismiss and for any other relief the Court deems appropriate.

Respectfully submitted,

WALSH LAW GROUP, P.C.


By:  ____/s/ Patrick J. Walsh____
          Patrick J. Walsh, Esq.




Patrick J. Walsh, Esq.
WALSH LAW GROUP, P.C.
30 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
(312) 466-7683
ARDC No. 6287629
pw@thewalshlawgroup.com