**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| REBECCA SAILSBERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  15 CV 10564 |
| | ) | |
| VILLAGE OF SAUK VILLAGE, an Illinois | ) | Judge Sara L. Ellis |
| Municipality; MAYOR DAVID HANKS, | ) | |
| individually; J.W. FAIRMAN, individually | ) | Magistrate Judge Jeffrey Cole |
| and in his official capacity as Public Safety | ) | |
| Director; FAIRMAN CONSULTANTS, LTD., | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANT FAIRMAN'S
MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

NOW COMES the Defendant, J.W. Fairman, by his attorney, Michael J. McGrath of

Odelson & Sterk, Ltd., and for his Reply in Support of his Motion to Dismiss, pursuant to Federal

Rule of Civil Procedure 12(b)(6), states as follows:

**I. PLAINTIFF'S EQUAL PROTECTION CLAIM AGAINST FAIRMAN IS BASED
UPON RETALIATION, NOT GENDER DISCRIMINATION.**

Contrary to Plaintiff's assertion, Fairman, in his Motion to Dismiss, did not expressly admit

that he violated Plaintiff's federally protected right to be free of unlawful discrimination. Fairman

merely makes arguments as to the conclusory allegation made by Plaintiff in in her Complaint.

Judicial admissions, are statements of fact, not legal arguments made to a court. *McCaskill v. SCI

Mgmt. Corp.,* 298 F.3d 677, 681-82 (7th Cir. 2002). Fairman's memorandum of law then argues

why a limited reference to gender discrimination does not suggest Fairman's animus was to

discriminate given that all the facts plead pertain to retaliation.

While, a plaintiff alleging discrimination, need not set forth allegations of a prima facie case in the complaint, a plaintiff must set forth in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." *Moranski v. Gen. Motors Corp.,* 433 F.3d 537, 539-40 (7th Cir. 2005) *Id.* (quoting Fed.R.Civ.P. 8(a)). Dismissal of a complaint for failure to state a claim is proper if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Moranski v. Gen. Motors Corp.,* 433 F.3d 537, 539-40 (7th Cir. 2005); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Storey v. Burns Int'l Sec. Servs.,* 390 F.3d 760, 765 (3d Cir.2004) (affirming dismissal for failure to state a claim of discrimination on the basis of religion and national origin in violation of Title VII); *Holman v. Indiana,* 211 F.3d 399, 407 (7th Cir.2000) (same for claim alleging sexual harassment in violation of Title VII).

The factual allegations in the Complaint, as argued in Fairman's motion to dismiss, allege against Fairman, an equal protection claim based upon retaliation not discrimination. Plaintiff argues that Paragraph 38 of the Complaint alleges an act by Fairman of discrimination. Paragraph 38 of the Complaint, however, alleges that Fairman's animus for attempting to promote Sergeant Jack Evans to chief of police rather than the Plaintiff is retaliation for the filing of an EEOC charge a few days earlier. [Doc. 1, Pg. 8, ¶38]. Plaintiff then contends that paragraphs 42 and 43 support a claim for discrimination against Fairman, to wit: Fairman was furthering Hanks agenda. Paragraphs 42 and 43, when read together, allege that Mayor Hanks agenda was to retaliate for filing complaints, not to discriminate against Plaintiff because of her gender. [Doc. 1, Pg. 9, ¶¶ 42-43]. Paragraph 56, according to Plaintiff, also supports her discrimination claim against Fairman. This Paragraph, however, alleges that Fairman's scheme was to retaliate against Plaintiff. [Doc. 1, Pg. 9, ¶ 56]. Plaintiff wants you to infer that Fairman was furthering Hanks

agenda to keep women out of leadership positions, despite that fact this argument is contrary to the facts plead in the Complaint which solely allege with respect to Fairman that he was retaliating against her for filing claims. That the cause of action is based upon retaliation is evidenced by the first Paragraph of Plaintiff's Complaint, where she alleges she brought the Complaint to correct unlawful employment practices on the basis of retaliation. [Doc. 1. Pg. 1, ¶1]. Additionally, Plaintiff's claim is based upon her allegations that Mayor Hanks set out on a course to retaliate Plaintiff and other employees for failing to dismiss lawsuits. [Doc. 1, Pg. 3, ¶¶12-14]. The equal protection claim only puts Defendant Fairman on notice that the claim is for retaliation.

The court, in ruling on a 12 (b) (6) motion to dismiss may consider public records, including public court documents. *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). The case of *Lisa Gibbons v. Sauk Village, et al*, counsel for this matter, Patrick Walsh, who also represents Gibbons, alleges that Gibbons as well as Plaintiff Sailsbery and Chief Timothy Holevis were retaliated against by Mayor Hanks' because of present or past lawsuits filed against the Sauk Village. 1:15-cv-04950 Document #: 31, Pg. 1, ¶ 11. When considering the Gibbons Complaint, the alleged retaliation occurred against both male and females. Treating both sexes the same, even if badly, is not discrimination. *Holman v. Indiana*, 211 F.3d 399, 403 (7th Cir. 2000) Equal protection jurisprudence, requires that a plaintiff be treated differently from others similarly situated. *Malec v. Vill. of Oak Brook*, No. 06 C 5167, 2007 WL 1468603, at *2 (N.D. Ill. May 18, 2007)

Based upon all of the above, Plaintiff does not plausibly allege discrimination against Fairman. Therefore, the claim, which at most alleges retaliation, must be dismissed pursuant to *Boyd* and *Engquist*. Moreover, even if the court determines that the claim plausibly alleges discrimination against Fairman, the claim against Fairman must still be dismissed because it is

intertwined with an implausible retaliation claim. Because of same, Count VI, if left to remain as is violates Federal Rule of Civil Procedure Rule 8(a)(2), because the superfluous retaliation claims would not provide Fairman with a short and plain statement of a discrimination claim showing that the pleader is entitled to relief, and, if left to stand as is, prejudices Fairman.

**II.     IF GENDER DISCRIMINATION HAS BEEN ALLEGED AGAINST FAIRMAN, THE EMPLOYMENT POSITIONS AT ISSUE ARE POLICYMAKING POSITIONS AND THE FAILURE TO PROMOTE AND DEMOTION OF PLAINTIFF SERVED IMPORTANT GOVERNMENTAL OBJECTIVES WHICH ARE SUBSTANTIALLY RELATED TO THE ACHIEVEMENT OF THOSE OBJECTIVES.**

Plaintiff contends that Sailsbery is not a policymaker under Title VII because she is a police officer subject to the civil services laws in Illinois and Sauk Village. She has cited no case law or statute to support this broad claim that she has civil service status just because she is a police officer. First of all, the claim against Fairman is an equal protection claim not a Title VII claim. Even if an equal protection claim is construed under the same standards applicable to Title VII claims for gender discrimination, Plaintiff's argument fails because the employment positions she held and for which she claims she was entitled to hold, when the alleged adverse employment action occurred, are not subject to the civil service laws in Illinois or Sauk Village. Police officers above the grade of captain, shall not be included in such classified service. 65 ILCS 5/10-1-17. The chief of the police department may be included in the classified service if the corporate authorities so provide by ordinance. *Id.* The Chief of Police of Sauk Village is not included by ordinance in classified service. Ex. 1 – Sec. 42-20, Ord. 12-107; Sec. 42-21, Ord. Code 2005, §33.03.

Additionally, contrary to Plaintiff's assertion, Fairman does not attempt to mislead the court by its argument that the employment positions at issue are policymaking positions.

4

Analyzing the alleged adverse employment actions complained of by Plaintiff, under an equal protection analysis, requires a finding that the cause of action is implausible. The equal protection clause of the federal constitution protects individuals against intentional, arbitrary discrimination by government officials. *Hanson v. Twp.,* No. 15 C 5354, 2016 WL 1359379, ¶¶ 7-9 (N.D. Ill. Apr. 6, 2016) The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. *Id.*

Given that the employment positions at issue, chief of police and deputy chief of police, are policymaker positions, Plaintiff cannot establish any discriminatory motive for the acts alleged to have been committed by Fairman, failure to promote to police chief and demotion from deputy chief. In *Hanson v. Twp*., No. 15 C 5354, 2016 WL 1359379 (N.D. Ill. Apr. 6, 2016), the plaintiff filed, among other causes of actions, equal protection claims alleging that she was discriminated against due to her age and a disability. Hanson's equal protection claims were dismissed because the employment position at issue, deputy assessor was a policymaking position. *Hanson v. Twp.,* No. 15 C 5354, 2016 WL 1359379, ¶¶7-9 (N.D. Ill. Apr. 6, 2016). In denying Hanson's equal protection claim based upon age and disability discrimination, the court followed the reasoning of *Pleva v. Norquist*, 195 F.3d 905, 912 (7th Cir.1999) which held that "[p]olitical affiliation is an appropriate criterion for public employment when the effective operation of government would be compromised by requiring a public official to retain a potential political enemy in a position of responsibility.

Though *Hanson* was decided under the rational basis standard because the alleged discrimination was based upon age and disability, the same result, granting of Fairman's motion to dismiss, must occur. This is true even if Plaintiff's equal protection claim against Fairman is determined to constitute a gender discrimination equal protection cause of action. While gender

discrimination triggers a heightened level of scrutiny, the standard for demonstrating the constitutionality of a gender-based classification is met if it "serv[es] important governmental objectives" which are "substantially related to the achievement of those objectives," *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 736, 123 S. Ct. 1972, 1982, 155 L. Ed. 2d 953 (2003). Installation of political allies in the most sensitive jobs, policymaking positions, serves an important governmental objective and is substantially related to the achievement of those objectives. To rule otherwise, would frustrate elected officials in their ability to implement policies that they were elected to carry out, meaning the will of the electorate could not be effectuated. *See: Americanos v. Carter*, 74 F. 3d 138, 142 (7th Cir. 1996). Therefore, because Plaintiff's claims are that Fairman was allegedly furthering Hanks agenda to not promote Plaintiff to chief of police and to demote her from the deputy chief positions and both of these positions are policymaking positions, Plaintiff cannot establish an equal protection violation.

At a minimum, the law is not clearly established as to whether or not Plaintiff had a constitutional right to be promoted to police chief and to retain her position as deputy chief. Because of same, Fairman would have qualified immunity and would not be liable. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). That is because no liability should result if the law was not "clearly established," because "an official could not reasonably be expected to anticipate subsequent legal developments, nor could be said to 'know' that the law forbade conduct not previously identified as unlawful." *Id.* Because political affiliations are allowed for policymaking positions, there is no law forbidding the

appointment even it results in the appointment of a male over a female. This cause of action must

be dismissed with prejudice, it is implausible.

                                              Respectfully submitted,

                                              J.W. FAIRMAN


                                    By:   s/ Leslie Quade Kennedy
                                          One of their Attorneys

Michael J. McGrath
Leslie Quade Kennedy
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, IL  60805
(708) 424-5678
*mmcgrath@odelsonsterk.com*
*lkennedy@odelsonsterk.com*