**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REBECCA SAILSBERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-10564 |
| ) | |
| VILLAGE OF SAUK VILLAGE, an Illinois ) | Judge Sara L. Ellis |
| Municipality; MAYOR DAVID HANKS, ) | |
| individually; J.W. FAIRMAN, individually and in ) | Magistrate Judge Jeffrey Cole |
| his official capacity as Public Safety Director; ) | |
| FAIRMAN CONSULTANTS, LTD., an Illinois ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MAYOR DAVID HANKS'S REPLY
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Mayor David Hanks ("Hanks"), by and through his attorneys, Johner T. Wilson III and Cynthia S. Muehling of Lewis Brisbois Bisgaard & Smith LLP, and for his Reply in Support of Motion to Dismiss Plaintiff, Rebecca Sailsbery's ("Sailsbery") Complaint, with prejudice, pursuant to F.R.C.P. 12(b)(6), states as follows:

First, Sailsbery claims that Mayor Hanks refused to appoint her to the positon of Chief of Police because she is a woman. (*Dkt*. 1, p. 4 ¶ 16; p. 5 ¶ 27; p. 11 ¶ 57). Then, Sailsbery claims that she was removed as the Deputy Chief of Police in retaliation for filing numerous complaints. (*Dkt*. 1, p. 3 ¶ 12; p. 4 ¶ 19; p. 7 ¶ 35). However, Sailsbery fails to effectively plead a *prima facie* case of gender discrimination and/or retaliation because she is unable to present an adverse employment action, proper comparator, or evidence (either direct or circumstantial) of discrimination. Hence, Count V of Sailsbery's Complaint should be dismissed for failure to state a claim for which relief can be granted against Mayor Hanks.

I. **SAILSBERY'S CLAIMS AGAINST HANKS MUST FAIL UNDER 42 U.S.C. § 1983 AND TITLE VII.**

A. **Hanks Is Not A Policymaker Or An "Employer".**

Mayor Hanks is not a policymaker or an employer. Regardless of his role as mayor, Hanks was not the final policymaker for the Village. *Gianessi v. City of Pekin*, 52 Fed. Appx. 265, 269-270 (7th Cir. Ill. 2002). In her Response, Sailsbery denies that she has sued Hanks in his individual capacity and cites to *Goetz v. City of Springfield*, in which the court held that the mayor could be individually liable for an adverse employment action under Section 1983. *Dkt.* 39, p.4 ¶ 1; *Goetz v. City of Springfield*, 699 F. Supp. 2d 1066 (C.D. Ill. 2010). However, *Goetz* is distinguishable from the instant matter, because although a manager made the layoff decision, the mayor had the power to approve or block the layoff. *Goetz* at 1083.

In *Gianessi v. City of Pekin*, 52 Fed. Appx. 265 (7th Cir. Ill. 2002), plaintiffs filed a 42 U.S.C.S. § 1983 action against, the City of Pekin and Tebben, the city liquor commissioner, both as an individual and as a public official. The district court granted summary judgment in favor of the city and the liquor commissioner finding, in part that the plaintiffs had failed to present either sufficient custom evidence or evidence that the liquor commissioner acted with final policymaking authority in order to hold the city liable. *Id.* at 266. The court of appeals affirmed the district court decision, holding that because the liquor commissioner's decisions were guided by the policies of the liquor commission, Tebben was not a final policymaker for § 1983 purposes. *Id.* at 270.

Here, the Board of Trustees - not Mayor Hanks – that had the power to approve or reject a candidate. Sauk Village is governed by six elected trustees and a mayor. The Board is empowered to adopt local ordinances and pass resolutions. (http://www.saukvillage.org/Village_Government.html, last visited June 6, 2016). Moreover, Sailsbery's own Complaint repeatedly emphasizes that Hanks was not the ultimate decision maker.

See, e.g. *Dkt*. 1 ¶ 23 ("notified . . . the Board of Trustees that he wanted to create a new position"); ¶ 24 ("The Board voted…); ¶ 25 (""the Board approved…"); ¶ 29 (""the consensus was…").  So it is clear that Hanks did not have purported unilateral power as an agent of the Village. *Gianessi v. City of Pekin*, 52 Fed. Appx. 265, 269-270 (7th Cir. Ill. 2002) (regardless of his hierarchal position as mayor, Tebben merely administered the liquor laws and did not act as a final policymaker.).  Therefore, Sailsbery's claims against him must fail under both 42 U.S.C. § 1983 and Title VII.

### B.  Sailsbery Was Not An "Employee" Under Title VII.

Moreover, Sailsbery was not an employee under Title VII.  Without any factual support, Sailsbery argues that as the Deputy Chief, she was not a policymaker for the Village.  However, the relevant inquiry on this issue is whether the focal position involves meaningful input into governmental decision-making on issues with room for principled disagreement.  *Americanos v. Carter,* 74 F.3d 138, 141 (7th Cir. 1996) (citing *Heideman v. Wirsing*, 7 F.3d 659, 663 (7th Cir. 1993).  When the duties and responsibilities of a particular position are clearly outlined by law, the court may determine as a matter of law that the position involves policy making.  *Pleva v. Norquist*, 195 F.3d 905, 912 (7th Cir. 1999).  Although there is a constitutional prohibition against basing employment decisions on political affiliation or support, such policymaking positions are excepted.  *Yahnke v. City of Kane*, 2012 WL 6642486, at *2-3 (N.D. Ill. Dec. 20, 2012).

According to the Complaint, after former Chief of Police Timothy Holevis retired, the Sauk Village Police Department was without a Chief of Police for several months. (*Dkt*. 1, p. 5 ¶ 25, 26; p. 11 ¶ 57).  As Deputy Chief, Sailsbery assumed the oversight of the Police Department.  (*Dkt*. 1. p. 5 ¶ 26).  Hence, Sailsbery was the *de facto* gatekeeper and policymaker for the police department, even going as far as to instruct others under her command to restrict access to certain areas of the police

3

department from the Village Public Safety Director J.W. Fairman. (*Dkt*. 1, p. 6 ¶ 31; p. 8 ¶ 39). Therefore, under these facts, Sailsbery was not an "employee" for Title VII purposes.

### C. Mayor Hanks cannot be sued directly under 42 U.S.C. § 1983.

An essential element of Sailsbery's claim is a violation of an employer policy or practice that leads to an adverse employment action. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (U.S. 1978). Sailsbery fails to identify any basis to support a claim against Mayor Hanks under 42 U.S.C. § 1983. Specifically, she fails to plead any express policy that was violated, that there was a widespread practice that was so permanent and well-settled that it constituted custom or practice, and that a custom, policy, or practice was "the moving force" behind the violation. Hence, she has failed to meet the pleading standard established by *Twombly* and *Iqbal*. Thus Sailsbery's Complaint has not satisfied the threshold set forth in *Monell* at 694 (1978).

Sailsbery attempts to circumvent the applicable pleading requirements by claiming that the alleged actions of Mayor Hanks, as the final policymaker of the Village, satisfy her pleading requirements. Again, the Board of Trustees, not Mayor Hanks, is the policymaker in the Village. In *Finch v. City of Indianapolis*, the court reasoned, "[t]he court is not aware of any basis for changing or expanding Title VII duties, rights, or remedies by recognition of a claim under section 1983." 886 F. Supp. 2d 945, 950 (S.D. Ind. 2012). As such, the *Finch* Court evaluated the plaintiffs' Title VII claims only under Title VII—and only against the City of Indianapolis as the employer—and not with reference to section 1983. *See Carver v. Sheriff of LaSalle County*, 243 F.3d 379, 381 (7th Cir. 2001) (Title VII claim "must proceed against the employer as an entity rather than against a natural person"); *Alexander v. Chicago Park District*, 773 F.2d 850, 855 (7th Cir. 1985) (Title VII claim cannot be brought under section 1983).

Based on the foregoing, Sailsbery's claims against Mayor Hanks under 42 U.S.C. § 1983 and Title VII must fail.

## II. THE EQUAL PROTECTION CLAUSE DOES NOT AFFORD SAILSBERY A RIGHT OF RECOVERY FOR ALLEGED RETALIATION.

Likewise, Sailsbery's contention that the Equal Protection Clause affords her a right of recovery for alleged retaliation cannot succeed. In support of her claim, Sailsbery cites to *Locke v. Haessig*, 788 F.3d 662, 672 (7th Cir. 2015) and argues that *Boyd v. Ill. State Police*, 384 F.3d 888, 898 (7th Cir. 2004) is inapplicable to her claim because she does not assert a *general* right to be from retaliation but, rather, retaliation based on her gender. (*Dkt*. 39, p. 7 ¶ 1, 2 (emphasis added)). However, *Locke* is inapplicable to the facts of this case and Sailsbery's confidence in *Locke* is misplaced. (*Dkt*. 1, p. 6 ¶ 2).

In *Locke*, Haessig, a state official who supervised parole officers, ignored parolee Locke's complaints of sexual harassment while acting on similar complaints from those of another group. *Locke*, 788 F.3d at 668. Although Sailsbery claims that Mayor Hanks did not appoint her as chief of police because of her gender, and removed her from the office of Deputy Chief in retaliation for her filing discrimination complaint(s) against the Village (*Dkt*. 1, p. 19 ¶ 103), the Complaint is completely silent and void of any allegation that Mayor Hanks ignored her complaints but acted on those of other individuals of a different protected group.

Neither does Sailsbery connect Mayor Hanks's alleged bias against women in leadership positions to her claims. *(Dkt*. 1, p. 4 ¶ 16). First, Mayor Hanks was in office when Sailsbery assumed the position of Deputy Chief of Police in September 2014. (Dkt. 1, p. 5 ¶ 22). It belies logic that Mayor Hanks would now have discriminatory animus toward Sailsbery based upon her gender, but not in 2014. Presumably, if Mayor Hanks was biased towards women and opposed to

5

women holding leadership position, then the Deputy Chief position would have never been accessible to Sailsbery.

Next, equally as unconvincing are Sailsbery's claims of alleged comments by Mayor Hanks overheard by Rachel Eastman. (*Dkt*. 1, p. 10 ¶¶ 49-50). Again, Sailsbery failed to make enough of a connection between the alleged comments and any adverse action she claims to have suffered to establish a plausible basis of recovery against Mayor Hanks. Currently, women hold numerous leadership positions in the Village government, including Village Clerk and 50% of the current Village Trustee roles. So the Village, during the tenure of Mayor Hanks, has a strong representation of women in leadership roles. There is simply no plausible basis for this contention or Sailsbery's gender discrimination claims.

Then, Sailsbery failed to point to a proper comparator because she cannot identify a single person that similarly situated, but was treated more favorably than she was treated based on gender. Sailsbery attempts to paint Sergeant Jack Evans as a comparator, but her averment that "Sgt. Evans had much less experience and training than then-Deputy Chief Sailsbery" undermines her attempt. (*Dkt*. 1, p. 8 ¶ 38). Sailsbery does not identify any other comparator, nor does she provide any plausible basis to consider Sgt. Evans as a viable comparator. Sailsbery's failure is fatal to her discrimination claims.

Because Sailsbery cannot plausibly plead that:

- Mayor Hanks ignored her complaints but acted on those of other individuals of a different protected group;

- Mayor Hanks's alleged negative remarks about women are connected to any materially adverse action taken against Sailsbery; and

- Sgt. Evans, or any other Village employee, is a proper comparator

6

Sailsbery's § 1983 Equal Protection Clause claims against Mayor Hanks fail and should be dismissed.

### III. SAILSBERY DOES NOT HAVE AN UNFETTERED RIGHT TO BE CHIEF OR DEPUTY CHIEF OF POLICE.

Plaintiff's attempt to establish an expectation of being appointed to the Chief or Deputy Chief of Policy positions, cannot succeed. Again, the Chief and Deputy Chief of Police are appointed positions, serving as an immediate advisor to the Mayor concerning the exercise of the Constitutional or legal powers of the police force. In Sauk Village, Hanks has the statutory authority to appoint the Chief of Police with the advice and consent of the Village Trustees. Given the policymaking implications thereof, Mayor Hanks has a reasonable expectation of confidence and political loyalty from those that serve as Chief and Deputy Chief. *Upton v. Thompson*, 930 F.2d 1209, 1216 (7th Cir. 1991), *cert. denied*, 503 U.S. 906 (1992). Since a state statute, local ordinance and applicable law authorizes Mayor Hanks to appoint persons that he can reasonably rely on to carry out his political agenda, Sailsbery does not have an unencumbered right to the Chief or Deputy Chief positions simply because she wants either of them.

WHEREFORE, Defendant, David Hanks prays that this Court dismiss Count V of Plaintiff Rebecca Sailsbery's Complaint, with prejudice, and for such other and further relief as this Court deems appropriate.

    Respectfully submitted,

    LEWIS BRISBOIS BISGAARD & SMITH LLP

    By:   /s/ Johner T. Wilson III
         One of the Attorneys for David Hanks

Johner T. Wilson III, Attorney No. 6278797
Cynthia Muehling, Attorney No. 6309734

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
T: 312.345.1718
Johner.Wilson@lewisbrisbois.com
Cynthia.Muehling@lewisbrisbois.com

Case: 1:15-cv-10564 Document #: 50 Filed: 06/09/16 Page 8 of 9 PageID #:269

**CERTIFICATE OF SERVICE**

      The undersigned certifies, pursuant to Fed.R.Civ.P. 5 and L.R. 5.5, that a true and correct copy of the foregoing Defendant Mayor David Hanks's Reply In Support of Motion to Dismiss Plaintiff's Complaint was filed on June 9, 2016, with the clerk of the court using the CM/ECF system, which will send notice to counsel of record.

| | |
|---|---|
| Michael J. McGrath, Esq.<br>Leslie Q. Kennedy, Esq.<br>Odelson & Sterk, LLP<br>3318 West 95th Street<br>Evergreen Park, Illinois 60805<br>T: 708.424.5678<br>mmcgrath@odelsonsterk.com<br>lkennedy@odelsonsterk.com<br><br>*Attorneys for J.W. Fairman* | Patrick J. Walsh, Esq.<br>WALSH LAW GROUP, P.C.<br>30 South Wacker Drive<br>Suite 2200<br>Chicago, Illinois 60606<br>T: 312.466.7683<br>pw@thewalshlawgroup.com<br><br>*Attorneys for Plaintiff* |

K. Austin Zimmer, Esq.
Timothy Andrew Martin Woerner, Esq.
Joseph Anthony Giambrone, Esq.
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
T: 708.222.7000
zimmer@dlglawgroup.com
woerner@dlglawgroup.com
giambrone@dlglawgroup.com

*Attorneys for Village of Sauk Village*


                                    /s/ Johner T. Wilson III
                                One of the Attorneys for David Hanks

Johner T. Wilson III, Attorney No. 6278797
Cynthia Muehling, Attorney No. 6309734
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
T: 312.345.1718
Johner.Wilson@lewisbrisbois.com