UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA SAILSBERY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-10564 |
| | ) | Judge Martha M. Pacold |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| VILLAGE OF SAUK VILLAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is Defendant's Motion to Compel or Bar Pursuant to Rule 37 [229]. For the reasons discussed more fully below, the Motion is granted in part and denied in part, as follows: 1) Plaintiff must produce documents relevant to Defendant's Third Request for Production Numbers 1 and 5 with ten days of entry of this order; 2) the motion is denied as to Defendant's Third Request for Production Number 4; 3) the motion is denied to the extent it seeks to bar the video discussed herein pursuant to Federal Rule of Civil Procedure 37(c)(1).[1] A settlement conference in this case is currently scheduled for November 19, 2020. Fact discovery closed as of August 17, 2020. The Court will not set any further deadlines at this time.

**BACKGROUND**

Plaintiff is a former police sergeant for the police department of Defendant Village of Sauk Village (the "Village"), who alleges she was subjected to a hostile work environment on the basis of gender and was retaliated against for prior claims she had brought against the Village. [Dkt. 229 at ¶ 1.] In her initial Rule 26 disclosures, responses to interrogatories, and settlement correspondence, Plaintiff has claimed damages related to: back pay, front pay, lost

---

[1] Although there is a split in this circuit regarding the authority of magistrate judges to issue sanctions orders pursuant to Rule 37, the Court adopts the thorough reasoning expressed by Judge Harjani in *Cage v. Harper*, 2020 WL 1248685 (N.D. Ill. Mar. 16, 2020). Consequently, the Court issues this opinion as a memorandum opinion and order and not a report and recommendation.

1

sick and vacation time, lost "benefit time," lost access to a take home car, mental anguish and emotional distress, "lost opportunity," "stipend," educational reimbursement, lost pension contributions, medical bills, and attorney's fees. [*Id.* at ¶¶ 5-7.] At her February 2020 deposition, Plaintiff testified she had started a portrait studio and planned to run the studio after she retired from the Village police force; Plaintiff retired from the police force in May 2020. [*Id.* at ¶¶ 8-9.] Following Plaintiff's retirement, the Village requested updated discovery regarding Plaintiff's damage claims. In particular, the Village's Third Request for Production ("RFP") seeks copies of Plaintiff's social medial posts related to her retirement in 2020 (RFP 1), documents related to Plaintiff's applications for police jobs outside the Village after 2010 (RFP 4), and documents related to profits from Plaintiff's portrait studio (RFP 5).[2] [Dkt. 229-9.] Plaintiff objected to these requests based on relevance, and the Village filed the instant motion seeking an order to compel production of relevant documents responsive to RFPs 1, 4, and 5.

The second component of the Village's motion relates to a video (the "Becky Video") that Plaintiff's counsel showed to the former mayor and current mayor of the Village at their respective depositions. The Becky Video was not disclosed to the Village prior to the deposition of the former mayor at his deposition on June 30, 2020. Plaintiff's counsel states in his brief that counsel was not in possession of the Becky Video until the night before the former mayor's deposition, when "counsel was searching for recordings of Village Board meetings where former Mayor Hanks may have made disparaging comments about [Plaintiff]." [Dkt. 232 at p. 7.] According to a screenshot of the YouTube page for the Becky Video provided in Plaintiff's brief, the Becky Video shows the former mayor speaking at the November 14, 2015 "Breakfast with the Mayor" meeting where Plaintiff alleges the former mayor made disparaging comments about

---

[2] The Village's motion also seeks to compel an updated response to Interrogatory 6 regarding damages. Plaintiff has agreed to supplement her response to that interrogatory. To the extent Plaintiff has not yet done so, she must supplement that response within ten days of this order.

2

her. [*Id*. at p. 6.] Although the Village claimed in its motion that the Becky Video originated from a YouTube channel likely associated with Plaintiff,[3] the screenshot shows that the Becky Video clearly comes from a channel called Sauk Village Voice and was uploaded on November 18, 2015. [*Id*.] The Village seeks to bar any use of the Becky Video pursuant to Federal Rule of Civil Procedure 37(c)(1) due to Plaintiff's untimely disclosure.

## DISCUSSION

I.     **Motion to Compel RFPs 1, 4, and 5**

To the extent the Village seeks to compel production of documents responsive to RFPs 1, 4, and 5, the Court grants that motion in part and denies that motion in part, as discussed herein. Federal Rule of Civil Procedure 26(b)(1) states that "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" is discoverable. The information also "need not be admissible in evidence to be discoverable." F.R.C.P. 26(b)(1). Relevance for purposes of Rule 26(b)(1) is very broad, and the Court should be permissive when considering relevance objections. *See SR Int'l Bus. Ins. Co., Ltd. v. World Trade Center Props. Ltd.*, 2003 WL 145419, at *3 (N.D. Ill. Jan. 21, 2003). Plaintiff does not argue that the discovery the Village seeks is not proportional to the needs of the case, only that it is not relevant.

The Court does not agree with Plaintiff's argument that RFP 1 seeks irrelevant information. The entirety of Plaintiff's argument relating to RFP centers on the relevance of Plaintiff's social media posts to her lost wage claims. While it might be true that social media posts are not relevant to Plaintiff's damages relating to lost wages, that is not the only type of damages Plaintiff seeks. Crucially, Plaintiff is seeking emotional distress damages stemming from the Village's alleged discrimination and retaliation, and Plaintiff's social media posts may

---

[3] This mistaken belief appears to be completely innocent and based on the title of the clip, which is "Becky 001;" Plaintiff's first name is Rebecca.

3

provide evidence regarding Plaintiff's mental state relating to her retirement or her employment with the Village. Such evidence would be relevant to defending against Plaintiff's claims for emotional distress damages and should be produced. Plaintiff's objections to RFP 1 are overruled, and the motion is granted as to these documents.

Conversely, the Court does not believe that RFP 4 would lead to discovery of any relevant information. The Court does not see how Plaintiff's applications to other police departments have any bearing on this case whatsoever. There is no evidence Plaintiff took any job with another police department or that her compensation was affected in any way by her applications for jobs outside the Village police force. Therefore, job applications alone cannot have any effect on Plaintiff's front pay or lost opportunity claims, despite the Village's argument to the contrary. The Village passingly argues that these documents could be relevant to Plaintiff's emotional distress damages, but does not explain how, nor does the Court believe they would be. As such, Plaintiff's objections to RFP 4 are sustained, and the motion is denied as to RFP 4.

Finally, the Court finds that RFP 5 is reasonably calculated to lead to discoverable evidence. Once again, Plaintiff's argument focuses on only one portion of her damages claims – lost wages (*i.e.*, back pay) – without considering the other categories of damages Plaintiff seeks. The Court believes that profits from a side business that she was running during her employment with the Village police department and that she testified she planned to continue after her retirement would constitute evidence regarding Plaintiff's damage claims for front pay, lost pension contributions, and "lost opportunity." Therefore, Plaintiff's objections to RFP 5 are overruled, and the Village's motion is granted as to these documents.

II.     Motion to Bar Use of the Becky Video

The Court does not believe that a sanction barring the Becky Video from future use is

appropriate at this time. However, nothing in this opinion should be construed as a finding that the video is admissible evidence at trial or that the deposition testimony surrounding the video is admissible evidence during the summary judgment phase.[4] Nor should this be considered a prohibition on the Village filing a motion to bar the video from use at trial through a motion *in limine* or from consideration at summary judgment through a motion to strike. This Court's decision is limited to the narrow issue of whether Plaintiff's late disclosure of the Becky Video warrants a sanction pursuant to Rule 37(c)(1).

"Rule 37(c)(1) states that if a party fails to comply with Rule 26(a), the evidence is excluded 'unless the failure was substantially justified or is harmless.'" *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019). The Seventh Circuit has listed the following factors in making sanctions rulings pursuant to Rule 37: "'(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.'" *Id.* (quoting *Tribble v. Evangelides,* 670 F.3d 753, 760 (7th Cir. 2012)).

The Court finds that three of these factors cut against sanctioning Plaintiff. The only factor that favors the Village is the first. Certainly, the Village was surprised at the former mayor's deposition when the Becky Video was displayed because it had never been produced up until that point. Consequently, the Village was prejudiced because it was unable to adequately prepare its witness to testify about the Becky Video. However, the remainder of the factors militate against barring future use of the Becky Video. The Village has the ability to cure any prejudice from the failure to disclose the Becky Video. There are ample opportunities for the

---

[4] Summary judgment "materials presented should be admissible in evidence or point to evidence that would be admissible at trial," and "[i]n the briefing on a motion for summary judgment, either side may object that the other's evidence 'cannot be presented in a form that would be admissible in evidence.'" *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 931 (7th Cir. 2018) (quoting Fed. R. Civ. P. 56(c)(2)).

Village to argue that deposition testimony is inadmissible; as hinted in the Village's submissions, it is not clear that a proper foundation had been laid to question the former mayor on a video he had never seen from an unknown source. Next, there is not likely to be any disruption at trial because no trial is scheduled and there is significant time before a trial is likely to occur. Finally, the Court does not believe there is evidence of bad faith or willfulness on the part of Plaintiff. Plaintiff's counsel has represented that he did not encounter the Becky Video until the night before the former mayor's deposition. While the Village contends that counsel's assertion is not credible, it has not put forth any evidence to the contrary. By making that representation in Plaintiff's filing, the Court entrusts that Plaintiff's counsel is complying with his duties under Rule 11(b) and understands the possible sanction ramifications outlined in Rule 11(c). Should the Village uncover evidence to the contrary, it may seek sanctions pursuant to Rule 11, but the Court will not presume bad faith or willfulness where counsel has signed a brief indicating otherwise. In light of these factors, the Court finds that the failure to disclose the Becky Video was harmless and should not be barred pursuant to Rule 37(c)(1).

## **CONCLUSION**

For the reasons discussed above, the Motion to Compel or Bar Pursuant to Rule 37 [229] is granted in part and denied in part, as follows: 1) Plaintiff must produce documents relevant to Defendant's Third Request for Production Numbers 1 and 5 with ten days of entry of this order; 2) the motion is denied as to Defendant's Third Request for Production Number 4; 3) the motion is denied to the extent it seeks to bar the video discussed herein pursuant to Federal Rule of Civil Procedure 37(c)(1).

**ENTERED:**  9/17/2020

Susan E. Cox
United States Magistrate Judge